39 F.3d 1177
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles JONES, Plaintiff-Appellant,
v.
Elmanus HERNDON, Commissioner of Corrections; Minnie
Slaughter, Health Services Director; Dennis Dusing,
Adjustment Hearing Officer; Bernard Smith, Assistant
Warden; Ralph Chambers, CO II; Jasper Moore, CO IV;
Sergeant Marshall, CO III; Milton Darden, CO II; Michael
Johnson, CO II; James N. Rollins, Defendants-Appellees.
 No. 92-6415.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 17, 1994.
Decided Oct. 31, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CA-90-1861)
 Charles Jones, appellant pro se.
 John Joseph Curran, Jr., Atty. Gen., Glenn William Bell, Office of the Attorney General of Maryland, Baltimore, MD; Burton Harry Levin, Asst. City Solicitor, Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED.
 Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Jones, a Maryland inmate, filed a 42 U.S.C. Sec. 1983 (1988) action, claiming inadequate medical treatment and excessive force by guards. Following a jury trial, the district court directed a verdict in favor of some Defendants and the jury found in favor of the remaining Defendants. Jones appeals, citing six grounds of error. We find his claims are without merit; consequently, we affirm the judgment in favor of Defendants.
 
 
 2
 Jones' claim that the district court applied the wrong legal standard on his excessive force claim is meritless. Because Jones was an inmate at the time of the alleged assault, the district court properly assessed his claim in terms of the Eighth Amendment protection against cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 318-19 (1986). His challenge concerning alleged inconsistencies in Defendants' testimony also must fail because the credibility of witnesses is within the sole province of the fact finders. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 3
 We find that Jones' conclusory claim that the trial court erroneously directed a verdict in favor of some Defendants fails because he did not specify in what way the directed verdict was improper. Similarly, Jones' bald claim that Defendants' counsel wrongfully argued facts not in evidence in opening and closing arguments fails because Jones did not specify which facts argued were not in evidence. Finally, we find that the record does not support Jones' claims that the district court judge improperly influenced the jury or that he was denied the right to a jury drawn from a venire constituting a fair cross-section of the community.
 
 
 4
 For these reasons, we affirm the judgment in favor of Defendants. We deny Jones' motion for appointment of counsel and motion to consolidate this case with Nos. 92-6023 and 92-6459. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED